CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 1 4 2005

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ADOLFO VIEYRA MORENO, | ) |
| Petitioner, | ) Civil Action No. 7:05-cv-00150 |
| v. | ) MEMORANDUM OPINION |
| UNITED STATES OF AMERICA, | ) By: Samuel G. Wilson |
| Respondent. | ) United States District Judge |

Adolfo Vieyra Moreno, a federal inmate proceeding pro se, initiated this 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Moreno challenges his sentence of 108 months for conspiracy to possess and distribute methamphetamine, claiming that the court used the incorrect base offense level when calculating his sentence. The court finds that Moreno failed to meet the one-year statute of limitations for filing a § 2255 motion and, accordingly, dismisses Moreno's motion.[1]

I.

Moreno pled guilty to conspiracy to possess with intent to distribute and to distribute 500 grams of methamphetamine, and this court entered judgment against him and sentenced him to 108 months on May 23, 2002. Moreno did not appeal to the United States Court of Appeals for the Fourth Circuit; therefore, his conviction became final on June 6, 2002.[2] Moreno filed this § 2255

---

[1] Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, a district court may dismiss a § 2255 motion without requiring an answer if it plainly appears from the face of the motion, the annexed exhibits, and prior proceedings in the case that the movant is not entitled to relief.

[2] See Fed. R. App. P. 4(b) (giving defendant ten days from entry of judgment to file a notice of appeal); U.S. v. Clay, 537 U.S. 522 (2003) (holding that a conviction becomes final (a) when the defendant's opportunity to appeal the district court's judgment expires, (b) when the defendant's opportunity to file a petition for a writ of certiorari expires, or (c) when the United States Supreme

motion on March 16, 2005, at which time, the court conditionally filed Moreno's § 2255 motion, gave notice that his motion was untimely, and directed him to submit to the court within twenty days any argument and/or evidence concerning the timeliness of his motion. Moreno made no such submission.

## II.

An inmate must file his § 2255 petition within one year, and, in Moreno's case, that one-year clock began to run on June 6, 2002, the date his conviction became final.[3] Therefore, Moreno had until June 6, 2003, to file his petition. Having filed his petition over 21 months after that date, Moreno did not meet the deadline, meaning that his petition is barred unless he demonstrates to the court some grounds for equitable tolling of the one-year clock. The Fourth Circuit has explained that equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d. 238, 246 (4th Cir. 2003) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Moreno simply has not cited *any* external influence which prevented him from meeting the one-year deadline for filing the current § 2255 petition, much less one

---

Court denies the inmate's petition for a writ of certiorari).

[3]Under § 2255, the one-year clock begins to run on the latest date from the following list: "1) the date on which the judgment of conviction becomes final; 2) the date on which the impediment to making a motion created by governmental action in violation of the Constitituion or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; 3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or 4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."
Here, Moreno has alleged nothing to support the court's use of 2, 3, or 4 from the list above, so the court deems the clock to have begun running on the date Moreno's right to directly appeal expired and his conviction became final, June 6, 2002. See supra n2.

2

capable of meeting the rigorous standard set forth by the Fourth Circuit. Thus, the court dismisses Moreno's petition as untimely.[4]

### III.

For the reasons stated, the court dismisses Moreno's § 2255 motion..

ENTER: This __14th__ day of April, 2005.

_____
UNITED STATES DISTRICT JUDGE

---

[4]Further, an inmate's waiver of the right to collaterally attack his conviction or sentence is valid so long as it is entered knowingly and voluntarily, and, in lieu of "extraordinary circumstances," an inmate is bound by his sworn statements during the plea colloquy that he entered the plea knowingly and voluntarily. U.S. v. Lemaster, No. 04-6448 (4th Cir. April 11, 2005). In his plea agreement and during his plea colloquy, Moreno affirmed that he was entering his plea knowingly and voluntarily and waived his right to collaterally attack his sentence. Thus, Moreno validly waived his right to collaterally attack his sentence, barring further review.

3